# EXHIBIT 2

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>433-2020-02999 |
|---|---|---|

|  | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (Indicate Mr., Ms., Mrs.)<br>Ms. Glenda Sanders | | Home Phone (Incl. Area Code)<br>9194064587 | Date of Birth<br>7/23/1971 |
|---|---|---|---|
| Street Address<br>6010 Coronado Lane Durham NC 27713 | City, State and ZIP Code | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name<br>Chapel Hill Carrboro Schools Board of Education | | No. Employees, Members<br>1500+ | Phone No. (Incl. Area Code)<br>9199678211 |
|---|---|---|---|
| Street Address<br>750 S. Merritt Mill Road Chapel Hill NC 27516 | City, State and ZIP Code | | |

| Name | | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|---|
| Street Address | City, State and ZIP Code | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER *(Specify)* **Hostile work environment**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 10/1/2019  Latest

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Please see attached statement.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 9/2/2020 _____<br>Date    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

**<u>Charge of Discrimination Particulars</u>**

I have been employed by Chapel Hill Carrboro City Schools since 2007. In July 2019, I was transferred to my current position, Specialist with the Leadership and Strategy Department. In October 2019, I began experiencing severe migraines, nose bleeds, and nausea. After seeing my doctor about these issues, he advised that I have a sensitivity to fluorescent lighting and lose concentration and focus with distractions. At that time, my office was in the back of a conference room and the only lighting was by fluorescent lights. I relayed this information to my supervisor Dr. Misti Williams and Ms. Erica Newkirk of human resources. Neither Ms. Newkirk or Dr. Williams ever addressed accommodating me despite my asking for partitions and the ability to use lighting sources other than overhead fluorescent lights. However, Ms. Newkirk did give me the required paperwork to request leave pursuant to the Family Medical Leave Act. I took the paperwork to my doctor, Richard Moore; and, he completed the forms. After the forms were completed I returned them to Ms. Newkirk. Ms. Williams asked me about the forms and my medical condition in front of others, which made me uncomfortable.

On December 9, 2019, I received a letter from Ms. Newkirk telling me that my FMLA leave request for intermittent leave was approved beginning October 30, 2019 through June 30, 2020. From that point on I noticed a change in the way Dr. Williams treated me. Those changes included Ms. Williams using our weekly meetings to belittle me and my performance when she had previously used those meetings to discuss ongoing projects and set goals. Prior to disclosing my medical conditions and asking for partitions and alternate lighting, I had never been told that I had any performance issues.

Between October and December, I had several medical appointments and follow ups. Dr. Williams began taking issue with my attendance. On December 17, 2019, Ms. Whitted-Miller told me that I had to start submitting doctor's notes every time I had a migraine or nose bleed and wanted to use my approved intermittent leave. This required me to miss more work so I could make doctor appointments and made me incur the additional expense of co-pays every time I go to the doctor. My co-pays range from $10.00 to $25.00. I don't believe anyone else is required to submit a doctor's note when the take intermittent FMLA leave.

Dr. Williams refused to order me partitions, but other employees of Chapel Hill Carrboro City Schools are allowed partitions. In fact it is not uncommon for work spaces to be partitioned off. However, when I asked for the partition for my medical condition, Dr. Williams denied my request because she "wanted to be able to see me." We moved offices in January 2020 and originally I was supposed to have my own office. However, Dr. Williams then decided that my work space would again be out in the open and in a high traffic area with lots of distractions and fluorescent lights. She made that decision despite knowing I have a medical condition that is triggered by distractions and fluorescent lights.

On January 6, 2020, I returned to work form winter break. My doctor took me out of work between January 6 and 9, 2020 because of anxiety caused by my work situation and the way that Dr. Williams treats me. I emailed this information to Dr. Williams, but she did not respond. Even though my doctor took me out of work, I felt pressured to go in and complete

1

tasks that Dr. Williams had emailed and texted me about. I went into the office on January 8, 2020. I was working late to complete a scanning assignment from Dr. Williams. The scanner in the new office was different than the type I was used to, so I had to manually type in her email address to receive the scan. At that time I didn't know that Dr. Williams' email address was not her first initial followed by her last name and sent the scan to an email address that did not exist. Dr. Williams texted me that she didn't receive the text, but I didn't receive it until I had gotten home. I responded back to her, near 10pm, and said I could go back to the office to find out what happened. At that point, I was panicked. Dr. Williams told me that she would look into what happened by talking to IT the next day. IT told her the email didn't go anywhere and there was no risk that confidential information was shared. Nevertheless, I was written up on January 10, 2020 and the incident was made out to be a major issue. However, when other people make typos or similar mistakes, Dr. Williams does not write them up or discipline them. I was very upset by this write up because I had never been written up in my entire career.

Between January and February, my doctor, Dr. Richard Moore took me out of work intermittently because the stress and constant belittling from Dr. Williams was causing me to be in a constant state of fear and anxiety. I returned to work on February 18, 2020 and was immediately told to go into a meeting with Dr. Williams. In that meeting, Dr. Williams gave me my mid-year evaluation. That evaluation took issue with my performance and with my attendance. Dr. Williams specifically said I missed a lot of work, but did not acknowledge my doctor had taken me out of work. The performance evaluation skews the facts of what happened and makes me look like a poor employee. I have never been a bad employee or had performance issues; and, I did not have these issues with Dr. Williams until after I disclosed my medical issues.

On March 10, 2020, a lawyer I hired, Charles E. Montieth sent a Charge of Discrimination to Jan Mitchell, Intake Supervisor, of the Raleigh Area Office of the EEOC. He also told me that he contacted the lawyer who regularly represents Chapel Hill Carrboro Schools in employment discrimination matters. After that things at work continued to get worse. On March 18, 2020, I received a second write up from Dr. Williams related to an order for business cards placed on January 9, 2020. Dr. Williams said I did not follow proper financial procedures because I did not create a purchase; however, for the amount of the order, it was not required to use a purchase order. For orders under $500 the financial procedures allow the use of a purchase order or procurement card. Dr. Williams used a procurement card, so there was no violation of the approved financial procedures. Also, Johnathan Scott, the interim finance director, told me and Dr. Williams in writing that there was not a violation of Chapel Hill Carrboro Public Schools' financial procedures. Despite that, Dr. Williams wrote me up. Again, I was devastated by this write up because I had never had these type issues before.

Also on March 18, 2020, I began working remotely. Since beginning working remotely, Dr. Williams has overloaded me with assignments and gave me extremely short deadlines that could not be met or could only be met if I worked more than 40 hours per week. When I don't meet the deadlines or don't complete them the same way that Dr. Williams would have done it, I am spoken to in a demeaning and condescending manner. When I ask questions I am told that I

2

am combative, but then I'm told to ask more questions. I am constantly fearful that what ever I do will not be acceptable to Dr. Williams.

On June 10, 2020, I participated in a virtual performance evaluation with Dr. Williams and Lee Williams. That evaluation, like my mid-year performance evaluation, was full of inconsistencies and errors. Again I was deflated by the fact that Dr. Williams only seemed to find fault in my performance and ignores my accomplishments. On or about June 18, 2020 and in an attempt to turn that evaluation into a positive, I wrote a rebuttal and pointed out some of my accomplishments, proposed a way to address Dr. Williams' concerns, and asked for an opportunity to meet with Dr. Williams and create concrete action items to address her concerns, even though I don't believe the concerns were legitimate. Instead of meeting with me as I requested, Dr. Williams stopped our weekly meetings and continued to give me assignments with little instruction and short turnaround times.

Dr. Moore took me out of work from July 31st through August 9, 2020 because of continued migraines and job related stress. I relayed to Ms. Whitted-Miller, Ms. Newkirk, and Dr. Williams that I could not type per my doctor's instructions on August 2, 2020. On August 3, 2020, Dr. Williams approved my FMLA leave for July 31, 2020 to attend a doctor's appointment and annual leave that I had requested nearly a week prior for August 4 and 7, 2020. Because Dr. Moore had taken me out of work through August 9, 2020, I no longer needed annual leave.

I returned to work on August 10, 2020. On August 11, 2020, Dr. Williams told me she was putting me on a performance improvement plan and would resume weekly meetings. I was stunned. I asked if this was a disciplinary action and she would not answer me. Because she wouldn't give me an answer, I called Ms. Whitted-Miller and asked if the performance improvement plan was intended to be a disciplinary action. Ms. Whitted-Miller eventually told me that the performance improvement plan was a disciplinary tool. Dr. Williams has a pattern of writing me up every time I return from FMLA leave.

I continued to be given projects that were typing and labor intensive with little direction. In the middle of me doing the projects, the instructions for the project would be changed. After the instructions were changed, I would be reprimanded for doing the project incorrectly.

During a videoconference on August 18, 2020, I wore my wrist braces, but neither Dr. Williams nor my direct supervisor, Dr. Jill Hall-Freeman asked me anything about it. On August 19, 2020, I was in extreme pain in my wrist. I emailed Ms. Whitted-Miller to tell her what was going on with my wrists and asked her for information about a workers' compensation claim. She responded via email with a series of question, which I immediately responded to via email. Ms. Whitted-Miller asked about what was going on and we both called FastMed to try to schedule an appointment for me to be seen. She also advised me that the workers' compensation claim would be effective on July 31, 2020; and, she would let Dr. Williams know what was going on. At the end of my appointment with FastMed, the doctor told me not to type. After the appointment, I emailed the doctor's note from the FastMed to Dr. Williams, Ms. Newkirk, and Ms. Whitted-Miller. Again, nobody responded to my email. I called Dr. Hall-Freeman that afternoon to let her know I was not able to type per my doctor's instruction. Dr. Hall-Freeman

3

acknowledged that she saw me wearing wrist braces in the August 18, 2020 and told me it was ok for my daughter to email her the project that I was working on so she could complete it.

In all of the years I have been employed by Chapel Hill Carrboro Schools, I have never had any performance issues prior to disclosing to Dr. Williams my medical condition and asking for accommodation. Despite asking for accommodations and training, Chapel Hill Carrboro Schools has failed to engage in the interactive process with me or provide me with a reasonable accommodation in violation of the Americans with Disabilities Act, as amended, and the Family Medical Leave Act, and retaliated against me for requesting accommodations and using my approved FMLA leave. My work place has been hostile and worsened my migraines, nausea, anxiety, and panic attacks.

I respectfully request the right to submit additional information or to supplement this statement.

9/2/2020
Date

Glenda Sanders

433-2020-02999

4